[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Bringing forth three assignments of error, defendant-appellant Michael Dupree appeals the judgment of the trial court convicting him, following a bench trial, of domestic violence in violation of R.C. 2919.25.[1]
Because none of the assignments has merit, we affirm the judgment of the trial court.
In his first assignment of error, Dupree asserts that the trial court erred by admitting into evidence the arresting police officer's testimony that the victim (the mother of a child whose father was allegedly Dupree) had said that Dupree was the father of her child. Dupree argues that this amounted to hearsay and should have been excluded. We disagree. The victim's out-of-court statement that Dupree was the father of her child falls was an "excited utterance" under a hearsay exception and thus was admissible.
Evid.R. 803(2) defines an "excited utterance" as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." An excited utterance is not excluded as hearsay and may be admitted for the truth of the matter asserted under the following circumstances: "(1) [t]here was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still her reflective faculties and thereby make her statements and declarations the unreflective and sincere expressions of her actual impressions and beliefs; (2) the statement, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose domination over her reflective faculties, so that such domination continued to remain sufficient to make her statements the unreflective and sincere expression of her actual impressions and beliefs; (3) the statement related to the startling occurrence or circumstances of the startling occurrence; and (4) the declarant had an opportunity to observe personally the matters asserted in her statement."[2]
Here, the record reveals that the victim's statement was made to the arresting officer approximately three minutes after the officer had observed, through a window, Dupree choking the victim. At the time of the statement, the victim was clad only in her underwear, and was crying and having difficulty breathing. It is evident from the record that the victim was still extremely agitated from the attack when she made the statement that Dupree was the father of her child. Based upon these circumstances, we hold that the trial court properly determined that the victim's statement constituted an excited utterance and was thus admissible.[3] The first assignment of error is overruled.
In his second and third assignments of error, Dupree contests the sufficiency and the weight of the evidence to support his conviction. We consider these assignments together and find them to be unpersuasive.
In reviewing a sufficiency-of-the — evidence claim, an appellate court must examine the evidence presented at trial and determine whether that evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[4] On the other hand, when reviewing a weight-of-the-evidence question, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[5]
R.C. 2919.25(A) provides, in part, that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." A family or household member includes "the natural parent of any child of whom the offender is the other natural parent."[6] The arresting officer testified that Dupree was the father of the victim's child and that the officer had personally observed, while standing on a street corner looking up through a window, Dupree choking the victim and the victim trying to resist. This evidence was sufficient to convict Dupree of domestic violence. Although Dupree testified that he was not the father of the victim's child and maintained that the victim had fabricated the charges against him because he had wanted to end their relationship, we do not believe that the trial court lost its way and created a manifest miscarriage when it determined that the police officer's testimony was more credible. Accordingly, the second and third assignments of error are overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., DOAN and HILDEBRANDT, JJ.
[1] Dupree also filed a notice of appeal regarding his conviction for resisting arrest, which was assigned the case number C-030284. We affirm the judgment of the trial court in that case as Dupree has conceded in his appellate brief that his conviction for resisting arrest was proper.
[2] Potter v. Baker (1955), 162 Ohio St. 488, 124 N.E.2d 140, paragraph two of the syllabus.
[3] See State v. Jorden (1999), 134 Ohio App.3d 131, 730 N.E.2d 447.
[4] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[5] See State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
[6] See R.C. 2919.25(F)(1)(b).